## LEMIEUX *v.* YOUNG, TRUSTEE.

### ERROR TO THE SUPREME COURT OF ERRORS OF THE STATE OF CONNECTICUT.

No. 48. Argued December 9, 1908.—Decided January 4, 1909.

It is within the police power of the State to regulate sales of entire stocks in trade of merchants so as to prevent fraud on innocent creditors; and a state statute prohibiting such sales except under reasonable conditions as to previous notice is not unconstitutional under the due process and equal protection clauses of the Fourteenth Amendment; and so *held* as to §§ 4868 and 4869, General Laws of Connecticut, as amended by chap. 72 of the Public Acts of 1903.

79 Connecticut, 434, affirmed.

THE facts are stated in the opinion.

*Mr. Charles F. Thayer* and *Mr. John J. Phelan* for plaintiff in error:

The provisions of the amended statute, requiring the spreading upon the town records of a notice of intention to sell, seven days before the sale, were in violation of the Constitution of the United States, as abridging and depriving the plaintiff in error of his liberty, or property or his contract rights, as provided by the Fourteenth Amendment. Case below, 79 Connecticut 434, see dissenting opinion of Hammersley, J.; *In re Jacobs,* 98 N. Y. 98; *People* v. *Marx,* 99 N. Y. 377; *People* v. *Gillson,* 109 N. Y. 389; *State* v. *Goodwill,* 33 W. Va. 179, *S. C.,* 6 L. R. A. 621; *Lawton* v. *Steele,* 152 U. S. 133, 137; *Colon* v. *Lisk,* 153 N. Y. 188; *People* v. *Arensburg,* 103 N. Y. 399; *Health Department* v. *Rector,* 145 N. Y. 32, 39.

The statute cannot be justified as an exercise of the police power. No legislative enactment can impute a crime, under the guise of police power, to any person while pursuing the

exercise of a constitutional right. *Tynoler* v. *Warden*, 157 N. Y. 116; *State* v. *Julow*, 129 Missouri, 163; *Commonwealth* v. *Perry*, 155 Massachusetts, 117; *Godcharles* v. *Wigeman*, 113 Pa. St. 431; *State* v. *Goodwill*, 33 W. Va. 179; *Ramsey* v. *People*, 142 Illinois, 380; *State* v. *Missouri Tie Co.*, 65 L. R. A. 588; *Ritchie* v. *People*, 155 Illinois, 98; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *State* v. *Dalton* (R. I.), 48 L. R. A. 775; *People ex rel. Cossey* v. *Grout*, 179 N. Y. 417.

The following cases appear to involve the precise principles upon which the statute here complained of is based: *Block* v. *Schwartz*, 76 Pac. Rep. 22; *S. C.*, 65 L. R. A. 308; *Wright* v. *Hart*, 182 N. Y. 330; *Neas* v. *Borches*, 109 Tennessee, 398; *S. C.*, 71 S. W. Rep. 50, dissenting opinion; *McDaniels* v. *Connelly Shoe Co.*, 30 Washington, 549; *S. C.*, 60 L. R. A. 947; *Squire & Co.* v. *Tellier*, 69 N. E. Rep. 312.

The amended statute violates § 1, of Art. XIV, of the Amendments to the Constitution of the United States, because it denies to the plaintiff in error as the vendee of said Hendrick, and to persons placed in a position similar to that of the plaintiff in error, the equal protection of the laws of Connecticut, and abridges their respective privileges and immunities as citizens of the United States. *Barbier* v. *Connolly*, 113 U. S. 27, 31; *Ruhstrat* v. *People*, 185 Illinois, 183; *Gulf, Colorado & Santa Fe Railway Co.* v. *Ellis*, 165 U. S. 150, 159; *Cotting* v. *Kansas City Stockyards Co.*, 183 U. S. 79; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Matter of Pell*, 171 N. Y. 48; *McPike* v. *Van DeCarr*, 178 N. Y. 425; *Ballard* v. *Mississippi River Bill Co.*, 81 Mississippi, 507.

*Mr. Donald G. Perkins* for defendant in error:

The need or wisdom of such legislation as the act here in question is a matter of legislative discretion, and this court will not consider that question. *Powell* v. *Pennsylvania*, 127 U. S. 685.

This act was clearly within the police power of the State under the reasoning and within the decisions cited by the court

in its opinion. Statutes upon the same subject, but with much more rigorous and burdensome conditions, have been held to be constitutional. *Squire & Co.* v. *Tellier,* 185 Massachusetts, 18.

The fact that property may be destroyed through the enforcement of a statute, and the right of contract either prohibited or restricted, is not decisive on the question of constitutionality. *Frisbie* v. *United States,* 157 U. S. 165; *Soon Hing* v. *Crowley,* 113 U. S. 709; *Booth* v. *Illinois,* 184 U. S. 429; *Otis* v. *Parker,* 187 U. S. 606; *Jacobson* v. *Massachusetts,* 197 U. S. 27; *Ah Sin* v. *Williamson,* 198 U. S. 500; *Reduction Co.* v. *Sanitary Works,* 199 U. S. 318.

MR. JUSTICE WHITE delivered the opinion of the court.

Whether the following provisions of the general laws of Connecticut are repugnant to the Fourteenth Amendment because wanting in due process of law and denying the equal protection of the laws, is the question for decision:

"SEC. 4868, as amended by chapter 72 of the public acts of Connecticut of 1903. No person who makes it his business to buy commodities and sell the same in small quantities for the purpose of making a profit, shall at a single transaction, and not in the regular course of business sell, assign, or deliver the whole, or a large part of his stock in trade, unless he shall, not less than seven days previous to such sale, assignment, or delivery, cause to be recorded in the town clerk's office in the town in which such vendor conducts his said business, a notice of his intention to make such sale, assignment, or delivery, which notice shall be in writing describing in general terms the property to be so sold, assigned, or delivered, and all conditions of such sale, assignment, or delivery, and the parties thereto.

"SEC. 4869. All such sales, assignments, or deliveries of commodities which shall be made without the formalities required by the provisions of sec. 4868 shall be void as against

all persons who were creditors of the vendor at the time of such transaction."

The controversy thus arose. Philip E. Hendricks conducted a retail drug store at Taftville, Connecticut. While engaged in such business, in August, 1904, he sold his stock in bulk to Joseph A. Lemieux, his clerk, for a small cash payment and his personal negotiable notes. The sale was made without compliance with the requirements of the statute above quoted. Subsequently Hendricks was adjudicated a bankrupt, and the trustee of his estate commenced this action against Lemieux and replevied the stock of goods. Among other grounds the trustee based his right to recover upon the non-compliance with the statutory requirements in question. In the trial one of the grounds upon which Lemieux relied was the assertion that the statute was void for repugnancy to the Fourteenth Amendment to the Constitution of the United States, because wanting in due process of law and denying the equal protection of the laws. The trial court adjudged in favor of the trustee and his action in so doing was affirmed by the Supreme Court of Errors of Connecticut, to which the case was taken on appeal. 79 Connecticut, 434. The cause was then brought to this court.

The Supreme Court of Errors, in upholding the validity of the statute, decided that the subject with which it dealt was within the police power of the State, as the statute alone sought to regulate the manner of disposing of a stock in trade outside of the regular course of business, by methods which, if uncontrolled, were often resorted to for the consummation of fraud to the injury of innocent creditors. In considering whether the requirements of the statute were so onerous and restrictive as to be repugnant to the Fourteenth Amendment, the court said:

"It does not seem to us, either from a consideration of the requirements themselves of the act, or of the facts of the case before us, that the restrictions placed by the legislature upon sales of the kind in question are such as will cause such serious inconvenience to those affected by them as will amount to an

unconstitutional deprivation of property. A retail dealer who owes no debts may lawfully sell his entire stock without giving the required notice. One who is indebted may make a valid sale without such notice, by paying his debts, even after the sale is made. Insolvent and fraudulent vendors are those who will be chiefly affected by the act, and it is for the protection of creditors against sales by them of their entire stock at a single transaction and not in the regular course of business, that its provisions are aimed. It is, of course, possible that an honest and solvent retail dealer might, in consequence of the required notice before the sale, lose an opportunity of selling his business, or suffer some loss from the delay of a sale occasioned by the giving of such notice. But 'a possible application to extreme cases' is not the test of reasonableness of public rules and regulations. *Commonwealth* v. *Plaisted,* 148 Massachusetts, 375. 'The essential quality of the police power as a governmental agency is that it imposes upon persons and property burdens designed to promote the safety and welfare of the general public. *Chicago &c. R. Co.* v. *State,* 47 Nebraska, 549, 564."

That the court below was right in holding that the subject with which the statute dealt was within the lawful scope of the police authority of the State, we think is too clear to require discussion. As pointed out by Vann, J., in a dissenting opinion delivered by him in *Wright* v. *Hart,* 182 N. Y. 350, the subject has been, with great unanimity, considered not only to be within the police power, but as requiring an exertion of such power. He said:

"Twenty States, as well as the Federal Government in the District of Columbia, have similar statutes, some with provisions more stringent than our own, and all aimed at the suppression of an evil that is thus shown to be almost universal. California: Civ. Code, § 3440, as amended March 10, 1903 (St. 1903, p. 111, c. 100). Colorado: Sess. Laws 1903, p. 225, c. 110. Connecticut: Pub. Acts 1903, p. 49, c. 72. Delaware: Laws 1903, p. 748, c. 387. District of Columbia: 33 Stat.

555, c. 1809; Acts 58th Con., April 28, 1904. Georgia: Laws 1903, p. 92, No. 457. Idaho: Laws 1903, p. 11, H. B. 18. Indiana: Acts 1903, p. 276, c. 153. Kentucky: Acts 1904, p. 72, c. 22. Louisiana: Acts 1896, p. 137, No. 94. Maryland: Laws 1900, p. 907, c. 579. Massachusetts: Acts and Resolves 1903, p. 389, c. 415. Minnesota: Gen. Laws 1899, p. 357, c. 291. Ohio: Laws 1902, p. 96, H. B. 334. Oklahoma: Sess. Laws 1903, p. 249, c. 30. Oregon: B. & C. Com., p. 1479, c. 7. Tennessee: Acts 1901, p. 234, c. 133. Utah: Laws 1901, p. 67, c. 67. Virginia: Acts approved January 2, 1904; Acts 1902–04, p. 884, c. 554 (Va. Code 1904, p. 1217, § 2460a). Washington: Laws 1901, p. 222, c. 109.' Wisconsin: Laws 1901, p. 684, c. 463. A statute with the same object attained by a similar remedy has been held valid by the highest courts in Massachusetts, Connecticut, Tennessee and Washington. *J. P. Squires & Co.* v. *Tellier*, 185 Massachusetts, 18; *Walp* v. *Mooar*, 76 Connecticut, 515; *Neas* v. *Borches,* 109 Tennessee, 398; *McDaniels* v. *J. J. Connelly Shoe Co.*, 30 Washington, 549. An act declaring such sales presumptively fraudulent was assumed to be valid by the courts of last resort in Wisconsin and Maryland. *Fisher* v. *Herrman*, 118 Wisconsin, 424; *Hart* v. *Roney*, 93 Maryland, 432. On the other hand, a statute with more exacting conditions was held unconstitutional in Ohio (*Miller* v. *Crawford*, 70 Ohio, 207), and a similar act met the same fate in Utah, where a violation of the statute was made a crime (*Block* v. *Schwartz*, 27 Utah, 387)."

To the cases thus cited may be added *Williams* v. *Fourth National Bank*, 15 Oklahoma, 477, where a statute was sustained, which made sales in bulk presumptively fraudulent when the requirements of the statute were not observed.

The argument here, however, does not deny all power to pass a statute regulating the subject in question, but principally insists that the conditions exacted by this particular statute are so arbitrary and onerous as to cause the law to be repugnant to the Fourteenth Amendment. To support this view in many forms of statement it is reiterated that the con-

ditions imposed by the statute so fetter the power to contract for the purchase and sale of property of the character described in the statute as to deprive of property without due process of law, and, moreover, because the conditions apply only to retail dealers, it is urged that the necessary effect of the statute is, as to such dealers, to give rise to a denial of the equal protection of the laws. We think it is unnecessary to follow in detail the elaborate argument by which it is sought to sustain these propositions. Their want of merit is demonstrated by the reasoning by which the court below sustained the statute as partially shown by the excerpt which we have previously quoted from the opinion announced below. Indeed, the court below in its opinion pointed out that the statute did not cause sales which were made without compliance with its requirements to be absolutely void, but made them simply voidable at the instance of those who were creditors at the time the sales were made. Moreover, the unsoundness of the contentions is additionally shown by the number of cases in state courts of last resort sustaining statutes of a similar nature, which we need not here cite, as they are referred to in the excerpt heretofore made from the opinion of Vann, J., in *Wright* v. *Hart, supra.*

Much support in argument was sought to be deduced from the opinion in *Wright* v. *Hart; Miller* v. *Crawford* (70 Ohio St. 207), and *Block* v. *Schwartz* (27 Utah, 387). It is true that in those cases statutes dealing with the subject with which the one before us is concerned were decided to be unconstitutional. But we think it is unnecessary to analyze the cases or to intimate any opinion as to the persuasiveness of the reasoning by which the conclusion expressed in them was sustained. This is said because it is apparent from the most casual inspection of the opinions in the cases in question that the statutes there considered contained conditions of a much more onerous and restrictive character than those which are found in the statute before us.

As the subject to which the statute relates was clearly

within the police powers of the State, the statute cannot be held to be repugnant to the due process clause of the Fourteenth Amendment, because of the nature or character of the regulations which the statute embodies, unless it clearly appears that those regulations are so beyond all reasonable relation to the subject to which they are applied as to amount to mere arbitrary usurpation of power. *Booth* v. *Illinois*, 184 U. S. 425. This, we think, is clearly not the case. So, also, as the statute makes a classification based upon a reasonable distinction, and one which, as we have seen, has been generally applied in the exertion of the police power over the subject, there is no foundation for the proposition that the result of the enforcement of the statute will be to deny the equal protection of the laws.

*Affirmed.*