STATE *v.* CO-OPERATIVE STORE COMPANY

AND

STATE *v.* W. M. AUSMUS MILL COMPANY.

*(Knoxvlle.*   September Term, 1910.)

1. **POLICE POWER. Prevention of fraud is within.**
The prevention of fraud in general is within the police power of
   the State.   (*Post, p.* 404.)

See cases cited under headnote 2.

2. **CONSTITUTIONAL LAW.  Statutes for prevention of fraud
   are not unconstitutional as affecting the right to contract or
   as depriving persons of liberty and property, when.**
Statutes enacted for the prevention of fraud, and which have a
   fair, just, and reasonable relation to the preservation of the
   lives, health, morals, and general welfare of the public, do not
   contravene the constitutional provisions against the abridge·
   ment of the rights of persons to contract and against the de-
   privation of their liberty and property without due process of
   law, although they may interfere to some extent with in-
   dividual liberty, and the free use and enjoyment of private
   property.   (*Post, pp.* 404-407.)

Constitutions cited and construed:   State const., art. 1, sec. 8;
   U. S. const., 14th am., sec. 1.

Cases cited and approved:   Neas v. Borches, 109 Tenn., 398; Peo-
   ple v. Girard, 145 N. Y., 105; People v. Lurhs, 195 N. Y., 377;
   People v. Wagner, 86 Mich., 594; Squire v. Tellier, 185 Mass.,
   18; State v. Campbell, 64 N. H., 402; State v. Fourcade, 45 La.
   Ann., 717; Butler v. Chambers, 36 Minn., 69; Waterbury v. New-
   ton, 50 N. J., Law, 534; Lemieux v. Young, 211 U. S., 489.

3. **SAME.  Same.  Statute to prevent fraud in the sale of corn
   meal in packages is not unconstitutional.**
A statute (Acts 1905, ch. 482) whose object is the prevention of
   fraud in the sale of corn meal in packages, purporting ex-
   pressly or by implication, to contain certain weights and meas-

ures for which the purchaser is charged, when in fact they contain less quantities, is authorized under the police power of the State, and does not contravene the constitutional provisions against the abridgment of the right to contract and against the deprivation of liberty and property without due process of law.

Acts cited and construed:   Acts 1905, ch. 482.

·See. citations under headnote 2.

4. **SAME. Same. Same. Statute fixing standard weight of corn meal, and regulating its sale in packages is not unconstitutional.**

A statute (Acts 1905, ch. 482) making the standard weight of a bushel of corn meal, whether bolted or unbolted, forty-eight pounds, and making it unlawful to pack for sale or to sell corn meal in bags or packages except in standard weight quantities of two bushels, one bushel, one-half bushel, one-fourth bushel, and one-eighth bushel, and requiring each bag or package to have marked thereon the quantity and weight it contains, when sold without being weighed or measured, but providing that retail sales may be made from bulk stock when priced and delivered by actual weight or measure, is not unconstitutional as contravening the constittional provisions against the abridgment of the right to contract and against the deprivation of liberty and property without due process of law.

Acts cited and construed:   Acts 1905, ch. 482.

Constitution cited and construed:   State const., art. 1, sec. 8;   U. S. const., 14th am., sec. 1.

See cases cited under headnote 2.

5. **SAME. Statute fixing the weight of a bushel of corn meal, and regulating trade in corn meal, under a title "to fix the weight and regulate the trade in corn meal," is not unconstitutional as containing two subjects, or for its body being broader than its title.**

State v. Mill Co.

A statute (Acts 1905, ch. 482) whose title is "to fix the weight and regulate the trade in corn meal," etc., and whose body fixe's the standard weight of a bushel of corn meal, and regulates the trade in corn meal, is not unconstitutional upon the ground that the body is broader than the subject expressed in the title, and contains two subjects; for the subject of legislation expressed in the title is the regulation of the trade in corn meal, and the body of the statute fixing the standard weight of a bushel of corn meal, is clearly germane to that subject, and within it, and the words, "fix the weight," in the title add nothing to the subject so expressed, and are mere surplusage, and will be so treated. (*Post, pp.* 402-404, 408.

FROM CAMPBELL.

Appeal from the Circuit Court of Campell County. G. MC. HENDERSON, Judge.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

L. H. CARLOCK, for defendants.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

These two cases are here on appeal by the State from a judgment of the court below in each case quashing the indictment.

The same questions are presented in each case, and they were heard together in this court.

In the first case, the indictment charges "that the Co- operative Store Company, a corporation, on the 31st day of May, 1909, in the State and county aforesaid, unlawfully sold corn meal in bags containing only 21 pounds, standard weight, the said sales not having been direct to customers from bulk stock, and not having been priced and delivered by actual weight, contrary to the statute, and against the peace and dignity of the State."

The indictment in the second case charges "that the W. M. Ausmus Company on the 10th day of June, 1909, in the State and county aforesaid, unlawfully put up at its place of business, being engaged in the milling business, for sale, and did unlawfully sell, corn meal in bags containing only 21 pounds, said sales not having been made by retail to customers from bulk stock, but having been put up in 21 pound packages to supply the wholesale trade, and having been sold in the wholesale trade, contrary to the statute, and against the peace and dignity of the State."

The defendants entered motions to quash the indictments, upon the ground that the statute (chapter 482, Acts 1905) upon which said indictments are predicated is repugnant to section 1 of the fourteenth amendment to the constitution of the United States, and article 1, section 8, of the constitution of Tennessee, in that it attempts to abridge the rights of person to contract, and deprive them of their liberty and property without due body of the act contains two subjects and is broader process of law, and also upon the ground that the

than the title, in violation of article 2, section 17, of the constitution of Tennessee.

The trial judge held the last objection to the act without merit, but sustained the others.

The act in question is in these words:

"An act to fix the weight and regulate the trade in corn meal; that whereas the practice in this State of putting up and selling meal in short-weight packages is against the public welfare and the interest of legitimate trade.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that the standard weight of a bushel of corn meal, whether bolted or unbolted, shall be forty-eight (48) pounds.

"Section 2. Be it further enacted, that it shall be unlawful for any person or persons to pack for sale, sell, or offer for sale in this State any corn meal except in bags or packages containing by standard weight two bushels or one bushel or one-half bushel or one-forth bushel or one-eighth bushel respectively. Each bag or package of corn meal shall have plainly printed or marked thereon, whether the meal is 'bolted' or 'unbolted,' the amount it contains in bushels or fraction of a bushel, and the weight in pounds: .Provided, the provisions of this section shall not apply to the retailing of meal direct to customers from bulk stock when priced and delivered by actual weight or measure.

"Section 3. Be it further enacted, that any person or persons guilty of violating either of the foregoing sections of this act shall be deemed guilty of a misdemean-

or, and on conviction thereof shall be punished by fine of not exceeding one hundred ($100) dollars or by imprisonment in the discretion of the court.

"Section 4. Be it further enacted, that this act shall be of force and effect from and after September 1st, 1905, the public welfare requiring it."

The object of this statute is the prevention of fraud in the sale of one of the most common articles of commerce and food. The fraudulent practice sought to be suppressed is the sale of packages of corn meal, purporting, expressly or by implication, to contain certain weights and measures for which the purchaser is charged, when in fact they contain less quantities, whereby the public is deceived and defrauded to the extent of the deficiency in weight or measure of the package purchased.

The prevention of fraud in general has always been recognized as well within the police power.

Statutes enacted for this purpose, and which have a fair, just, and reasonable relation to the preservation of the lives, health, morals, and general welfare of the public, do not contravene the constitutional provisions here relied upon, although they may interfere to some extent with individual liberty, and the free use and enjoyment of private property.

In *People* v. *Lurhs,* 195 N. Y., 377, 89 N. E., 171, 25 L. R. A. (N. S.), 473, it is said:

"The enactment of statutes to prevent fraud is a proper exercise of the police power of the State, which is under the control of the legislature. The power to pass

laws upon the subject necessarily carries with it the choice of methods to make the legislation effective. The right is not without limitation, for it must be exercised so as not to deprive a citizen of life, liberty, or property without due process of law, or to deny any person the equal protection of the laws. A reasonable regulation to protect the rights of all, however, does not deprive any one of his property simply because it interferes with the use thereof to the extent necessary to protect the public from fraudulent practices. Legislation which interferes only to a reasonable extent with the enjoyment of property, in order to promote the general welfare, and which in fact tends to promote the general welfare, violates neither constitution."

Mr. Tiedeman, in his work on Limitations of Police Power (section 89, p. 207), says:

"A fraud is, of course, a trespass upon another's private rights, and can always be punished when committed. It is therefore but rational to suppose that the State may institute every reasonable preventive remedy, when the frequency of the frauds, or the difficulty experienced in circumventing them, is so great that no other means will prove efficacious. Where, therefore, police regulations are established which give to private parties increased facilities for detecting and preventing fraud, as a general proposition, these laws are free from all constitutional objections."

Well-considered cases, in which legislation for the prevention of deception and fraud in trade and commerce is held to be a proper exertion of the police power,

and free of constitutional objections, are *People* v. *Girard,* 145 N. Y., 105, 39 N. E., 823, 45 Am. St. Rep., 595; *People* v. *Wagner,* 86 Mich., 594, 49 N. W., 609, 13 L. R. A., 286, 24 Am. St. Rep., 141; *Squire & Co.* v. *Tellier,* 185 Mass., 18, 69 N. E., 312, 102 Am. St. Rep., 323; *State* v. *Campbell,* 64 N. H., 402, 13 Atl., 585, 10 Am. St. Rep., 419; *Neas* v. *Borches,* 109 Tenn., 398, 71 S. W., 50, 97 Am. St. Rep., 851; *People* v. *Lurhs,* 195 N. Y., 377, 89 N. E., 171, 25 L. R. A., (N. S.), 473; *Lemieux* v. *Young,* 211 U. S., 489, 29 Sup. Ct., 174, 53 L. Ed., 295.

Legislation for the prevention of frauds in weights and measures, especially in the sale of food and other essentials of life, was early enacted in England, and is common in all the States. *People* v. *Girard,* 145 N. Y., 105, 39 N. E., 823, 45 Am. St. Rep., 595; *State* v. *Campbell,* 64 N. H., 402, 13 Atl., 585, 10 Am. St. Rep., 419; *State* v. *Fourcade,* 45 La. Ann., 717, 13 South., 187, 40 Am. St. Rep., 249; *Butler* v. *Chambers,* 36 Minn., 69, 30 N. W., 38, 1 Am. St. Rep., 638; *Waterbury* v. *Newton,* 50 N. J. Law, 534, 14 Atl., 604; *People* v. *Wagner,* 86 Mich., 594, 49 N. W., 609, 13 L. R. A., 286, 24 Am. St. Rep., 141; *Freund on the Police Power, section* 275.

Mr. Freund, in his work on the Police Power (section 275), in treating of this character of legislation, says:

"The private and the criminal law, as well as the police power undertake to afford protection against fraud. They deal, however, with fraudulent practices only by remedial relief, treating a transaction as void

State v. Mill Co.

or setting it aside, giving a claim for damages or inflicting a penalty after the fraud has been committed. In either case the element of fraudulent intent is essential. The police power undertakes to give an ampler protection, both by adopting precautionary measures and by forbidding certain practices irrespective of an actual intent to defraud. It does not in the first instance punish fraud, but prescribes regulations and punishes their violation. The intervention of the law proceeds upon the theory that every one who invites the confidence of the public may be compelled to submit to such regulations as will guard the public as far as possible against misapprehension. Where the confidence of the public is invited to an exceptional degree, the regulations may be made specially stringent, on the ground that the business is affected with a public interest. So in banking and insurance. . . . ."

We see nothing in this statute which deprives a citizen of the liberty to contract, or of his property.

It simply provides that when a certain staple article of food, of universal consumption in this country, is sold in packages, the packages shall contain certain quantities of the article, and that the quality and quantity—that is, whether bolted or unbolted, and how many bushels, fractions of bushels, and pounds—shall be printed and marked thereon.

It is well known that corn meal is generally sold by the bushel, or the fraction of a bushel, and is put in packages purporting to contain such quantities, and the object of the statute is to prevent the giving of short

weights in these packages, and the consumers from thus being deceived and defrauded, it is true, of small sums, but which, on account of the numerous sales, in the opinion of the legislative department, is a public evil which should be suppressed. It in no sense deprives the owner of his property, or the power to sell and dispose of it in a fair and honest manner.

Nor is the act, when properly construed, discriminatory. It does not prohibit the manufacturer, the wholesaler, or any person from selling meal in any bag, or other receptable, or quantity, desired by the seller or consumer, when priced and delivered by actual weight or measure. All persons, whether retailers or not, may sell it in that way.

The statute only applies where it is put in bags or packages for sale, and sold or offered for sale without being weighed or measured.

Nor is the act broader than the subject expressed in the title. The subject there expressed is the regulation of the trade in corn meal, and the fixing of the weight of a bushel of meal is clearly germane to that subject, and within it.

The words "and fix the weight" add nothing to the subject expressed, and are mere surplusage, and will be so treated.

The judgments of the circuit court will be reversed, and the cases remanded for trial upon the merits.