Jones, J.
It is contended on behalf of the plaintiff in error that the city ordinance contravenes Section 1, Article I of the Ohio Constitution, and Section 1, Article XIV of the Federal Constitution. The fundamental guaranties of these two sections protect the right of private contract and the freedom of engagement in lawful business. However, there are various callings, though lawful and useful, which are subject to surveillance of and regulation by the state in the interest of the health,- safety or welfare of the community. That bakeries may be so regulated and the state’s police power invoked for that purpose is not open to question. This right of regulation is now generally conceded in both state and federal jurisdictions. Therefore the only question remaining, and the one here urged, is that the city council of Toledo, in the passage of this ordinance, clearly abused-its power, and that its action was a palpable and unwarranted interference with, the business of plaintiff in error.
The record discloses that the plaintiff in error, at the time of the accusation, daily baked and sold five large loaves of 21^ ounces each, and seventy loaves, each weighing from 11 to Ilf ounces. The minimum standard loaf prescribed by the ordinance was one pound avoirdupois. The proof discloses the sale of a loaf weighing 1 If ounces. The amount of deficiency therefore between the standard used *419 by the baker and that adopted by the city council ranged from 4J ounces to 5 ounces. While Toledo is a large city, the record does not disclose any demand for bread loaves smaller than the minimum legal standard, other than the seventy loaves daily manufactured by the accused and sold to her customers. The grievance of the plaintiff in error is that by the adoption of the standard loaf the city council deprived her of the right to bake a loaf less than one pound avoirdupois, and that this deprivation was wholly unwarranted and the power so exercised was unreasonable and arbitrary.
An ordinance fixing manufactured standard loaves of bread at one, two and four pounds avoirdupois weight, and no other, was held constitutionally valid by the supreme court of Michigan. People v. Wagner, 86 Mich., 594.
An ordinance similar to the Toledo ordinance was passed by the city council of Chicago, Illinois, permitting the manufacture of one-half pound loaves, as the minimum, and sextuple, or six pound loaves, as the maximum, weight that could be baked. This ordinance was sustained by the supreme court of Illinois in Chicago v. Schmidinger, 243 Ill., 167. This case eventually reached the supreme court of the United States, Schmidinger v. Chicago, 226 U. S., 578, where the judgment of the Illinois court was affirmed. While in the present case the ordinance prescribing the minimum standard loaf is attacked because the same is from four to five ounces heavier than her customers’ trade demanded, in the Chicago case the attack was launched for the reason that the sextuple or six pound loaf was the maximum weight permitted to *420 be made and sold in the city, although there was a considerable demand in some parts of the city for bread in weights different from those prescribed by the ordinance. As stated by Mr. Justice Day in that case: “In some parts of the city bread weighing seven pounds is commonly sold.”
Unless there is a clear and palpable abuse of power the court will not substitute its judgment for legislative discretion. The local authorities acquainted with local conditions are presumed to know what the needs of the. community demand.
“Local legislative authorities, and not the courts, are primarily the judges of the necessities of local situations calling for police regulation, and the courts can only interfere when such regulation arbitrarily exceeds a reasonable exercise of authority.” Schmidinger v. Chicago, supra.
In prescribing the standard one pound loaf as the minimum which could be manufactured and sold by the baker, this court cannot say that the fixing of that standard, in the exercise of legislative discretion by the council, was so unreasonable and arbitrary as to require judicial interference. The ordinance is therefore constitutionally valid, and the judgment of the court of appeals is affirmed.

Judgment affirmed.

Matthias, Johnson and Wanamaker, JJ., concur.
Nichols, C. J., Donahue and Robinson, JJ., dissent from second proposition of the syllabus and from- the-judgment.