## STATE *vs.* EDWARD J. FAHEY.

*Criminal Law—Intoxicating Liquor—Selling Unlawfully—Minor—Representation of Age by Minor—When a Defense—Diligence and Care on Part of Seller.*

1. In a trial for unlawfully selling intoxicating liquor to a minor the defendant is permitted to show that he was told by the alleged minor at or before the time of the sale, that he was twenty-one years of age.

2. The seller of the liquor is not absolutely bound to know the age, that is, whether the purchaser is under twenty-one years of age, but he is bound to use all reasonable means for ascertaining the fact whether he is under the age of twenty-one years at the time of the alleged sale.

3. It is for the jury to determine, (1) whether the intoxicating liquor was sold to the minor by the defendant and (2), if so, whether the defendant used all the means reasonably necessary to ascertain and know whether or not he was under the age of

twenty-one years. If he did use all the reasonable means necessary under the circumstances to ascertain that fact, and honestly believed he was twenty-one years of age and was deceived, then the jury may render a verdict of not guilty.

4. The law was made for the protection of minors against the use of intoxicating liquors ; and if the liquor dealer takes advantage of any information which he may have (without having exercised reasonable care and diligence in acquiring accurate information under all the circumstances), for the purpose of avoiding his duty or, as a cover for the violation of the law, then he would be guilty.

*(December 3, 1904.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Robert H. Richards*, Deputy Attorney-General, for the State.

*Walter H. Hayes* for the defendant.

Court of General Sessions, New Castle County, November Term, 1904.

INDICTMENT FOR UNLAWFULLY SELLING INTOXICATING LIQUOR, to wit, lager beer, to John M. Greminger, a minor, at the defendant's hotel in the town of Odessa, in New Castle County, on or about the first day of August, 1904.

At the trial, it was admitted by the respective counsel that the defendant on the day in question was the proprietor and licensee of the hotel in Odessa referred to in the indictment, and had a proper license to sell intoxicating liquor therein.

It appeared from the evidence that at the time the defendant sold said liquor to Greminger he was not quite nineteen years old ; that the defendant asked him how old he was, and that he replied he was twenty-one years old, and that the defendant thereupon sold him the liquor, but that afterwards, the defendant having ascertained that Greminger was a minor, he refused to sell him liquor.

It was contended on behalf of the defendant that he had used all proper and reasonable diligence to ascertain whether Greminger was a minor at the time of said sale to him, and that he was de-

ceived by the false statement of Greminger as to his age, and that this constituted a defence to the charge against him.

On behalf of the State it was insisted that it was wholly immaterial whether Greminger at the time of the sale had or had not falsely represented that he was twenty-one years old ; that a licensed vendor of intoxicating liquor, takes the risk of selling to minors, and that if he is deceived as to the age of a minor he is none the less liable.

GRUBB, J., charging the jury :

Gentlemen of the jury :—Under this indictment Edward J. Fahey is charged with unlawfully selling intoxicating liquor, to wit, lager beer, to one John M. Greminger, the said John M. Greminger then and there being a minor under the age of twenty-one years.

You are to be satisfied, in the first place, that Edward J. Fahey, on or about the time mentioned, did sell intoxicating liquor, viz lager beer, to John M. Greminger. If you are satisfied from the evidence that he did sell the said lager beer to John M. Greminger, then you are further to be satisfied that at the time of such sale Greminger was under the age of twenty-one years. The Court have reached the conclusion that the seller of the liquor is not absolutely bound to know the age, that is, whether the purchaser is under twenty-one years of age, but he is bound to use all reasonable means for ascertaining the fact whether he is under the age of twenty-one at the time of the alleged sale.

It is for you in this case to determine, first, whether the lager beer was sold to him, and, secondly, if so, whether Edward J. Fahey used all the means reasonably necessary to ascertain and know whether or not he was under the age of twenty-one years. If he did use all the reasonable means necessary under the circumstances to ascertain whether he was under the age of twenty-one or not, and honestly believed that he was, and was deceived, then you may render a verdict of not guilty.

We further say to you that this law was made for the protection of minors against the use of intoxicating liquors; and that if the liquor dealer takes advantage of any information which he may have, without having exercised reasonable care and diligence in acquiring accurate information under all the circumstances, for the purpose of avoiding his duty or, as a cover for the violation of this law, then he would be guilty under the law.

Verdict, not guilty.