### State vs. Bessie Jackson and Lucy Jackson.

The act of cutting holly trees on the land of another without the consent of the latter, forbidden by *Chapter* 210, *Volume* 23, *Laws of Delaware* 454, constitutes an offence though it be done without criminal intent.

(*February* 4, 1909.)

Judges Pennewill and Boyce sitting.

*Josiah O. Wolcott* and *Charles W. Whiley*, Deputies Attorney General, for the state.

*Robert C. White* for the defendants.

Court of General Sessions, Sussex County, February Term, 1909.

INDICTMENT (No. 6, February .Term, 1909) for cutting holly trees contrary to *Chapter* 210, *Volume* 23, *Laws of Delaware*, 454.

At the trial, one of the defendants was asked by her counsel the following question: "State what conversation you had with Miss Wright about cutting holly on her land?" The Deputy Attorney General objected to the question as immaterial.

*Mr. White*, for defendants, stated that he proposed to prove that the defendants asked Miss Wright if they might cut holly on her land; that she consented. That they then asked Miss Wright where the line was. That the defendants thereupon proceeded to cut holly, keeping within, as they thought, the line pointed out by Miss Wright, but as a matter of fact they were cutting a few feet on the adjoining owner, the prosecuting witness, who happened to discover them in the act of cutting holly on his land.

*Mr. Wolcott* contended that the proposed evidence merely went to the question of intent which was not an ingredient in the crime; that the act was prohibited by the statute as an act, and it mattered not how innocent of intent the defendants were in committing the act, yet if they did it they were guilty under the statute.

*Per Curiam:*—The criminal act complained of is made the sole element of the offence alleged in the indictment. The objection is sustained.

(Thereupon the defendants changed their plea from that of not guilty to guilty, and sentence was imposed.).