THE CITY OF CHICAGO, Appellant, *vs.* MATHIAS SCHMIDINGER, Appellee.

*Opinion filed December 22, 1909.*

1. CONSTITUTIONAL LAW—*the legislature may authorize cities to regulate sale and weight of bread.* The provision of section 1 of article 5 of the Cities and Villages act authorizing municipal corporations to regulate the sale of bread and to prescribe the weight and quality of bread in the loaf is a valid exercise of the police power.

2. SAME—*Chicago bread ordinance does not deprive bakers of property without due process of law.* The Chicago bread ordinance, which limits the weight of a loaf of bread to one pound and provides that bread shall not be made for sale in any way but in one-half, three-quarters or one pound loaves or in two, three, four, five or six pound loaves, is not unconstitutional, as depriving bakers of property without due process of law.

3. SAME—*Chicago bread ordinance is not special legislation.* The Chicago bread ordinance is general in its terms and applies to all persons in the city of Chicago engaged in the business of making and selling bread by the loaf, and hence is not, in a constitutional sense, special legislation.

4. MUNICIPAL CORPORATIONS—*provision of the bread ordinance limiting weight of loaf is not unreasonable.* The provision of the Chicago bread ordinance making one pound the standard weight for a loaf of bread and limiting the making and sale of bread to the various weights specified in the ordinance is not so unreasonable as to be void.

5. SAME—*the Chicago bread ordinance is not void as denying the right of private contract.* The provision of the Chicago bread ordinance fixing the standard weight of a loaf of bread and prohibiting the making and sale of bread except in accordance with

the weights specified in the ordinance is not void, as amounting to a denial of the right of a baker to specially contract for bread in other weights to supply existing demands.

6. SAME—*the fact that price of elements composing bread may fluctuate does not render ordinance unreasonable.* The fact that the price of the elements entering into the composition of bread may fluctuate and thereby necessitate a change in the price of the loaf does not render the Chicago bread ordinance unreasonable, as there is no attempt by such ordinance to regulate the price of bread.

7. SAME—*label provision of Chicago bread ordinance is valid.* The provision of the Chicago bread ordinance requiring a label to be pasted on each loaf of bread, showing the weight of the loaf and the name of the manufacturer, is not unreasonable and void. (*City of Chicago* v. *Bowman Dairy Co.* 234 Ill. 294, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, EDWIN H. CASSELS, EMIL C. WETTEN, and CLARENCE N. BOORD, for appellant.

RUBENS, FISCHER & MOSSER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action in debt commenced by the city of Chicago against Mathias Schmidinger in the circuit court of Cook county to recover certain penalties alleged to have accrued to the city in consequence of the violation by the defendant of an ordinance of the city regulating the sale and prescribing the weight and quality of bread in the loaf, made and sold or offered for sale within the city. The declaration contained ten counts and a plea of *nil debet* was filed. A jury was waived and a trial was had before the court, and a judgment was entered in favor of the defendant. The city has prosecuted an appeal direct to this court on the ground that the constitutionality of said ordinance is involved.

The ordinance, in part, is as follows:

"Sec. 2. Every loaf of bread made or procured for the purpose of sale, sold, offered or exposed for sale in the city of Chicago shall weigh a pound avoirdupois, (except as hereinafter provided,) and such loaf shall be considered to be the standard loaf in the city of Chicago. Bread may also be made or procured for the purpose of sale, sold, offered or exposed for sale, in half, three-quarter, double, triple, quadruple, quintuple or sextuple loaves, and in no other way. Every loaf of bread made or procured for the purpose of sale, sold, offered or exposed for sale in the city shall have affixed thereon, in a conspicuous place, a label at least one inch square, or if round, at least one inch in diameter, upon which label there shall be printed in plain type * * * the weight of the loaf in pound, pounds or fraction of a pound avoirdupois, whether the loaf be a standard loaf or not. The business name and address of the maker, baker or manufacturer of the loaf shall also be printed plainly on each label.

"Sec. 3. Every maker, baker or manufacturer of bread, every proprietor of a bakery or bakeshop, and every seller of bread in the city of Chicago, shall keep scales and weights suitable for the weighing of bread in a conspicuous place in his bakery, bakeshop or store, and shall, whenever requested by the buyer, and in the buyer's presence, weigh the loaf or loaves of bread sold or offered for sale.

"Sec. 4. If any person, firm or corporation shall make or procure for the purpose of sale, sell, offer or expose for sale within the city of Chicago * * * any bread the loaf or loaves of which are not standard half, three-quarter, double, triple, quadruple, quintuple or sextuple loaves, as defined in section 2 of this ordinance, * * * or shall make or procure for the purpose of sale, sell, offer or expose for sale within the city of Chicago any standard loaf or loaves of bread which do not weigh one pound each, or any bread the loaf or loaves of which do not

weigh as much as the weight marked thereon, or any bread the loaf or loaves of which do not have affixed thereon the label marked as hereinbefore provided, contrary to the provisions of this ordinance, such person, firm or corporation shall be fined not less than $10 nor more than $100 for each offense.

"Sec. 5. The provisions of this ordinance * * * shall not apply to * * * what is commonly known as 'stale bread,' sold as such, provided the seller shall at the time of sale expressly state to the buyer that the bread so sold is stale bread."

At the close of the evidence the defendant submitted to the court, in writing, the following propositions of law, which were held by the court to be the law of the case:

1. "That sections 2, 3 and 4, (except the provision of section 4 relating to violations of section 1,) and each of them, of the ordinance of the city of Chicago in the declaration in this case, and each count thereof, set forth, are illegal and void, because said sections 2 and 3 and said portions of said section 4 of said ordinance, and each of them, are in violation of and contrary to sections 1 and 2 of article 2 of the constitution of the State of Illinois and of the fourteenth amendment of the constitution of the United States.

2. "That sections 2 and 4, (except the provision of section 4 relating to violations of section 1,) and each of them, of the ordinance of the city of Chicago in the declaration in this case, and each count thereof, set forth, are illegal and void, because the provisions of said sections are unreasonable and in restraint of trade."

The questions, therefore, for determination in this case are, first, is said ordinance unconstitutional; and secondly, if said ordinance is not unconstitutional, is there such an unreasonable regulation of the business of the defendant, who is a baker, attempted thereby, as to render the ordinance void.

It is first contended that said ordinance is unconstitutional in this: that it deprives the defendant of his property without due process of law, by violating his right to freely contract for the disposition and sale of his property. This court has held that the disposition of property may be limited or regulated where the public interest requires that its disposition should be limited or regulated, (*City of Chicago* v. *Openheim,* 229 Ill. 313,) and the legislature, in the City and Village act, (art. 5, sec. 1, clause 52,) provided, in enumerating the powers of the cities and villages of this State, that they shall by ordinance have the right to regulate the sale of bread and to prescribe the weight and quality of bread in the loaf. We are therefore of the opinion that the ordinance in question cannot be said to be unconstitutional on the ground that the legislature is powerless to authorize the cities and villages of this State to legislate upon the subject of the sale of bread, or to determine by ordinance the weight and quality of bread in the loaf offered for sale or sold in such municipalities. The power to regulate the sale and determine the weight of bread in the loaf when offered for sale, as a legitimate exercise of the police power by such municipalities as the plaintiff, has uniformly been recognized by the courts, and the exercise of such power is now too firmly established to be challenged. *Munn* v. *People,* 69 Ill. 80; *People* v. *Wagner,* 86 Mich. 594; *Guillotte* v. *City of New Orleans,* 12 La. Ann. 432; *Mayor* v. *Yuille,* 3 Ala. 137; *Paige* v. *Fazackerly,* 36 Barb. 392; *Commonwealth* v. *McArthur,* 152 Mass. 522; *In re Nasmith,* 2 Ont. 192.

It is next contended that the ordinance is unconstitutional in this: that it singles out the business of defendant as a baker and places upon the product manufactured and sold by him a burden, under the guise of regulating his business, which is not required to be borne by other persons who are engaged in manufacturing or selling other food products,—*i. e.,* that the ordinance is unconstitutional,

as amounting to special legislation, within the constitutional inhibition. The ordinance is general in its terms and applies to all persons in the city of Chicago engaged in the making and sale of bread by the loaf, and is therefore, in a constitutional sense, not special legislation. (*Hawthorn* v. *People,* 109 Ill. 302; *Gundling* v. *City of Chicago,* 176 id. 340; *City of Chicago* v. *Bowman Dairy Co.* 234 id. 294.) We are of the opinion that said ordinance cannot be successfully assailed on the ground it is unconstitutional.

The question then arises, is the ordinance such an unreasonable regulation of the business of the defendant as a baker as to render it void? The ordinance establishes a loaf of one pound as the standard loaf, and provides that bread may be made and sold in loaves containing one-half pound, three-quarters of a pound, one pound, two pounds, three pounds, four pounds, five pounds and six pounds, and in no other way, and the contention is made that the limiting of loaves to these weights is such an unreasonable limitation as to render the ordinance void. In the *Wagner case, supra,* the manufacture and sale of loaves of bread by the ordinance there under consideration was limited to three sizes, namely, one pound, two pounds and four pounds, and the ordinance was sustained. The ordinance here in question authorizes the manufacture of eight loaves, varying in size from a half-pound to six pounds in weight. We do not think the ordinance void for the reason suggested.

It is also urged that the ordinance is void for unreasonableness in this: that it does not permit loaves of bread to be manufactured, to be sold by special contract, other than those of the weights fixed by the ordinance, although the evidence shows that there is a demand in the city of Chicago for loaves of a weight differing from the weights fixed by the ordinance. It might be urged, on the same ground, that a statute establishing the rate at which money might be loaned was void because it did not permit parties

to contract for a higher rate of interest than that fixed by the statute. Upon reflection it will appear, we think, that an ordinance permitting the size of a loaf to be controlled by private contract would in most if not all cases entirely abrogate the ordinance. We think the fact that the ordinance fixes the size of the loaves which may be sold and prohibits the sale of bread in loaves of other sizes does not render the ordinance void for unreasonableness. The ordinance is a police regulation, and the regulation of the size of the loaf or loaves which it provides may be manufactured and sold is a legitimate exercise of the police power and within the discretion of the legislative body of the cities and villages of this State, which discretion will only be reviewed by the courts when such discretion has clearly been abused, which does not appear here to be the case, and the fact that a compliance with the terms of the ordinance is inconvenient will not render the same void.

It is said the ordinance cannot be complied with without great loss to the defendant, as by evaporation the weight of a loaf of bread constantly changes after leaving the oven, and that to comply with the ordinance the loaf must weigh more than a pound, or a fractional pound, or a multiple of a pound when it leaves the oven that it may not be short weight when sold. There is nothing in the ordinance which limits the weight of a loaf to a pound or the fractional part of a pound or the multiple of a pound. The ordinance was passed with a view only to prevent the sale of loaves of bread which were short in weight, and the fact that the ordinance does not cover the sale of stale bread does not render it unreasonable, as it only exempts bread which is sold as stale bread, the determination of the fact whether the bread sold is stale bread being left entirely to the person making the sale. Neither does the ordinance attempt to regulate the price of bread, and the fact that the elements which enter into the composition of bread may fluctuate in value and thereby necessitate a

change in the price of the loaf sold does not make the ordinance unreasonable and void.

Many objections not herein specifically mentioned are urged against the ordinance which it is claimed show it to be unreasonable, but when considered and reduced to a final analysis they lead back, in each instance, to the proposition that no valid ordinance can be passed regulating the sale of bread by the loaf or prescribing the weight or weights of loaves of bread manufactured and offered for sale and sold. The argument in each instance goes too far, for, as we have said, ordinances of this class have been passed and enforced and frequently sustained by the courts.

It is also urged that the provision of section 2 of the ordinance, in so far as it provides that labels shall be placed upon each loaf of bread manufactured and offered for sale or sold, stating the size of the loaf and the name of the manufacturer thereof, is unreasonable and renders that section of the ordinance void. We cannot give our assent to this contention. The same contention was made in the *Bowman Dairy Co. case, supra,* in regard to placing labels upon bottles or jars containing milk offered for sale, and the contention was overruled. That case is conclusive upon this point in the case at bar. The courts have nothing to do with the wisdom of this ordinance. That question rested entirely with the city council of the city of Chicago. While its provisions may be drastic we do not think the ordinance is unconstitutional or that it is unreasonable and therefore void.

The judgment of the circuit court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*