## STATE vs. GEORGE F. HUBER.

1.  WEIGHTS AND MEASURES—REGULATION—SALE OF BREAD—OFFENSES—
    INTENT.
    Criminal intent is not an element of the offense created by *Act* June 1, 1898 (21 *Del. Laws, c.* 92), prohibiting the sale of bread by the loaf weighing less than one pound avoirdupois.

2.  WEIGHTS AND MEASURES—SALE OF BREAD—REGULATION—WEIGHT—
    POLICE POWER.
    *Act* June 1, 1898 (21 *Del. Laws, c.* 92), prohibiting the sale of bread by the loaf weighing less than one pound avoirdupois, is a proper exercise of police power, and not unconstitutional for unreasonableness, as abridging the privileges and immunities of citizens, etc.

3.  WEIGHTS AND MEASURES—BREAD—REGULATION OF SALE—"LOAF".
    The word "loaf", as used in *Act* June 1, 1898 (21 *Del. Laws, c.* 92), prohibiting the sale of bread by the loaf weighing less than one pound avoirdupois, does not mean a roll, twist, bun, or any form or shape of bread other than that which the term is ordinarily and popularly understood to mean.

(*October* 2, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Josiah O. Wolcott*, Attorney General, and *Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*Philip L. Garrett* for defendant.  (*Robert G. Harman, James Saulsbury, David J. Reinhardt* and *Robert H. Richards*, representing other defendants similarly indicted.)*

Superior Court, New Castle County, September Term, 1913.

INDICTMENT (No. 51, September Term, 1913), for selling a loaf of bread weighing less than one pound avoirdupois weight, contrary to the provisions of *Chapter* 92, *Volume* 21, *Laws of Delaware*, approved June 1, 1898.

At the trial, after proving that the defendant was a baker, doing business in the City of Wilmington, and that, on the twenty-third day of August, 1913, he sold to one M., at the defendant's place of business, a loaf of bread weighing only twelve and one-half ounces, counsel for defendant sought to prove by the defendant that he was acting in good faith when he sold the prosecuting witness the loaf of bread; that he was endeavoring to comply with the law as to weight; that he did not know that the loaf in question was under weight, and had no intention to violate the said law.

The Attorney General contended that the question of *bona fides* was immaterial; that if the defendant sold a loaf of bread of less weight than provided for by the statute, he was guilty under said statute.

### BRIEF OF MR. HARMAN.

In a case charging cheating by false weights and measures, the intent enters into the case.  *Blanchard v. State*, 3 *Ind. App.* 395, 29 *N. E.* 783; *State v. Edward J. Fahey*, 5 *Penn.* 585, 65 *Atl.* 260.

The intent enters into this case.  "It is a maxim older than the law of England that no man is guilty unless his *mind be guilty*."  *Regina v. Allday*, 8 *Car. & P.* 136.

"As a general rule, where an act is prohibited and made punishable by statute, the statute is to be construed in the light of

_____
*These cases are known as "the bread cases."

Brief—Opinion.

the common law, and the existence of a criminal intent is essential." 12 *Cyc. Law & Prac., p.* 148.

If the statute does not expressly or by necessary implication, exclude the intent, but is silent, in some states intent is material; in others it is not.

The late English cases are now holding that to deprive one accused of an offense, of his defense of intent, the statute must clearly exclude it. *Derbyshire v. Houlston, Q. B. Yr.* 1897.

PENNEWILL, C. J., delivering the opinion of the court:

[1] Without undertaking to distinguish this case specifically from the *Fahey case,* 5 *Penn.* 585, 65 *Atl.* 260, we think the reasons for allowing intent to be made a defense in a liquor case do not exist in the case at bar. It is sometimes impossible for a liquor seller to tell whether the person to whom he sells is twenty-one years of age or not. While it may be a hardship on the baker, yet it is quite possible for him to tell when he sells a loaf of bread whether it weighs a pound or not. We think the present case is more analogous to the holly case, *State v. Jackson,* decided in Sussex County a few years ago, and reported in 2 *Boyce,* 66, 88 *Atl.* 466, than to the *Fahey liquor case.* The words of the statute are: "If any baker or manufacturer of bread into loaves from wheat flour in whole or in part, or any other person, shall in this state sell or offer to any person any such loaf of said bread that shall weigh less than one pound avoirdupois weight he, she or they, shall be guilty of a misdemeanor," etc. The material fact is whether the loaf at the time of the sale weighed a pound or not; and as before stated, while we realize it may be a hardship on the baker, yet we feel that under the law we are bound to hold that the *bona fides* is not an element in the case; and we feel clear that if intent is allowed to be a defense in a case of this kind, the statute would be practically nullified, and the purpose and intent of the Legislature defeated.

We sustain the objection to the question.

The defendant then rested, and Mr. Saulsbury asked the court to instruct the jury to find a verdict of not guilty, because

the act under which he was indicted (*Chapter* 92, *Volume* 21, *Laws of Delaware*) is unconstitutional, to wit, that it deprives the defendant of his property without due process of law, by limiting his right to freely contract for the disposition of his property; and further, that the law is such an unreasonable regulation as to render it void, citing *People v. Wagner*, 86 *Mich.* 594, 49 *N. W.* 609, 13 *L. R. A.* 286, 24 *Am. St. Rep.* 141; *City of Chicago v. Schmidinger*, 243 *Ill.* 167, 90 *N. E.* 369, 17 *Ann. Cas.* 614; *City of Buffalo v. Collins Baking Co.*, 39 *App. Div.* 432, 57 *N. Y. Supp.* 347.

*Mr. Chaytor*, Deputy Attorney General, replied, distinguishing most of the authorities cited from the present case, in that they were based upon city ordinances and not upon statutes.

(The court passed upon the motion in the charge to the jury.)

PENNEWILL, C. J., charging the jury.

Gentlemen of the jury:—It is charged in this indictment that George F. Huber, the defendant, sold on the twenty-third day of August, 1913, to one William J. McKnight, a loaf of bread made wholly of wheat flour, that weighed less than one pound avoirdupois weight, in violation of the act of assembly, in that behalf (*Volume* 21, *c.* 92, *Laws of Delaware*).

[2] We have been asked to direct you to return a verdict of not guilty, on the ground that the act under which this indictment was found is unconstitutional and void.

It is urged by the defendant that the act is an arbitrary and unreasonable exercise of the police power of the state by the Legislature, because it abridges the privileges and confiscates the property of the citizens engaged in the manufacture and sale of bread, without involving the health, morals or welfare of the people.

We have had very little time to consider this important question, but during that time have given it as careful consideration as was possible.

We have reached the conclusion that the act in question was a reasonable and legitimate exercise of the police power, which

in this day is given a very wide scope for reasons that are obvious, and that the act is, therefore, constitutional.

The statute was manifestly passed for the protection of the general public, and we may say of the entire public, because bread is an article of universal use and necessity. Under its police power the state has as much right to protect its citizens against false weight, false measures, and other like methods of imposition and wrong-doing on the part of those dealing with the public in articles of food, as it has in matters affecting the health and morals of the people.

Such was unquestionably the purpose of the act under consideration, and if it was not arbitrary or unnecessarily confiscatory in its effect, it is not open to any constitutional objection.

The terms of the act may impose a hardship and risk on those who sell bread in the loaf, but the hardship and risk are unavoidable if the purpose of the law is to be recognized and made effective. It may be noted that the act does not undertake to fix or regulate the price of a loaf of bread. The seller is not restricted or interfered with in that regard.

We are compelled by the plain and positive provisions of the act to hold that any one who sells bread in the form or shape of a loaf, as that term is ordinarily understood, which weighs less than one pound avoirdupois weight, violates the law and is liable to its penalty. And it does not matter whether the loaf is fresh bread or stale bread, because the law makes no exception and contains no qualification. As long as the article is in the form of a loaf it is covered by the statute, no matter what its condition may be.

[3] But we think the statute, which is a very strict one, should be as liberally construed as possible. And we say, therefore, that the word "loaf", as used in the act does not mean a roll, a twist, a bun, or any form or shape of bread, other than that which the term is ordinarily and popularly understood to mean.

We also say that the act does not make it impossible for the baker to dispose of his stale bread. While he cannot, under our construction, sell it by the loaf, he may nevertheless sell it in bulk and by weight. In our opinion he may divide a single loaf, and sell it by weight for an agreed price, as stale bread. The

Verdict.

statute does not prohibit the sale of a part of a loaf, or of two or more loaves in bulk and by weight for such price as the purchaser may be willing to pay, provided it is so understood at the time.

But we do hold, and are required to hold, that when bread is sold by the loaf, and in the form and shape of a loaf, the transaction comes clearly within the terms and contemplation of the statute, and is a violation of its provisions if the loaf weighs less than one pound avoirdupois weight.

In conclusion we say, if you are satisfied beyond a reasonable doubt, from the evidence in this case, that the defendant sold to William J. McKnight on the twenty-third day of August, 1913, a loaf of bread manufactured from wheat flour in whole or in part, that weighed less than one pound avoirdupois weight, your verdict should be guilty, no matter what his intentions may have been, because the *bona fides* or intention of the seller is entirely immaterial under the plain and positive terms of the statute.

Verdict, guilty.

In the other cases, by leave of the court, pleas of not guilty were withdrawn and pleas of *non volt* and *nollo contendere* were entered.