Ritchie, J.
Error to the police court of the city of Toledo.
On the 30th day of July of this year there was filed in the police court of this city an affidavit, charging that bn that day and in this city Clara Allion (the plaintiff in error) "did sell to L. H. Becker one loaf of bread, which said loaf of bread did then and there weigh less than one pound .avoirdupois, to-wit, *354 eleven and three-quarters (11%) ounces and no more, contrary to the form of the ordinance in such case made and provided.”
After arrest had been made, and at the hearing in the police court, the defendant filed, successively, a motion to quash and a demurrer to the affidavit, in each of which the validity of the ordinance upon which the prosecution was founded was attacked. Both the motion and the demurrer were overruled by the police court, and exceptions taken. The case then proceeded to trial upon the testimony of witnesses and resulted in a judgment-of conviction of the defendant, who was sentenced to pay a fine of $10 and the costs, taxed at $4.62. . A motion in arrest of judgment, then filed, was overruled, a bill of exceptions was presented to and allowed by the court, and this proceeding in error is now prosecuted in this court for the purpose of reviewing the judgment of the police court.
'The ordinance upon which the original prosecution in the police court was founded was passed on ‘the 28th day of May, 1917. It is entitled: “Ordinance No. 933, Begulating the size of the loaves of bread to be sold within the city of Toledo.” In its different sections — six in number- — it provides, in substance, that all bread made or procured for the purpose of sale, sold, offered or exposed for sale, shall" be made in a clean and sanitary place, of good and wholesome flour or meal, and shall contain no deleterious substance or material; that every loaf of bread shall weigh a pound avoirdupois (except as in the ordinance provided) and that such loaf shall be considered the standard loaf in the city of Toledo; that bread may be made or exposed for sale in 1, 1%, 2, 2%, 3, 3%, 4, 4%, 5, 5y2 or 6-pound loaves, and in no other way; that every loaf of bread shall have affixed thereon, in a conspicuous place, a label, printed of a certain size and type, giving the weight of the loaf, marked in terms of pounds; that in no instance shall the weight of the loaf be stated in ounces; that the business name and the address of the maker, baker, or manufacturer of the loaf shall also be placed upon such label; that there shall be kept, in a conspicuous place in the bakery, bake shop or store, by the proprietor thereof, and every seller of bread, scales and weights suitable for the weighing of bread, and that the bread shall, by the seller, be weighed *355 in the presence of the buyer whenever so requested by the latter; that for the violation of any of the provisions of the ordinance there shall be imposed a fine of not less than ten nor more than one hundred dollars for each offense. The ordinance further provides that its provisions shall not apply to what is commonly known as stale bread, provided that at the time of the sale the seller of the bread shall expressly state to the buyer that the bread so sold is stale.
One contention of the plaintiff in error is that the ordinance is contrary to law because it contains more than one subject. Section 4226 of the General Code provides: “No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title.” Section 38 of the charter of the city of Toledo provides: ‘ ‘ Each proposed ordinance or resolution shall be introduced in written or printed form, and shall not contain more than one subject, which shall be clearly stated in the title. ’ ’ As the court has already stated, the title to this ordinance reads: “Ordinance No. 933. Regulating the size of loaves of bread to be sold tuithin the city of Toledo.”
It will be noticed by what the court has already said as to the provisions of the ordinance in question here that it does provide for many matters — clean and sanitary place where bread shall be made- — bread to contain no deleterious substance or material — label upon the loaf — name and address of maker — scales for weighing, weighing by seller in presence of buyer when required — and the exception as to sale of stale bread, etc. — none of which at all pertain to the subject clearly expressed in the title to the ordinance, to-wit: ‘‘Regulating the size of loaves of bread to be sold within the city of Toledo. ’ ’
In the judgment of the court, there is much of force in the contention of the plaintiff in error already stated. Because, however, of the court’s opinion of the ordinance, based upon another clearer and less doubtful reason, it becomes unnecessary to pass upon (and the court does not now do so) the first contention of the plaintiff in error.
The real question at issue, as presented by the record in this proceeding is: Have the bakers of Toledo the right to make, and the dealers in bread the right to sell, in Toledo, a loaf of bread *356 weighing less than one pound if they so choose or trade and custom demands it?
If they have not, then the city council can, by ordinance, say to the grocer, “You can not, in Toledo, sell or expose for sale less than one bushel of potatoes”; to the milkman, “less than one quart of milk”; to the butcher, “less than one pound of meat”; to the merchant, “less than one yard of calico,” etc. What the city council has, by this ordinance, said to the baker can it not, with equal right, say to the butcher or the. candlestick maker?
What general powers do municipal corporations possess? Only such as are expressly conferred or those which are implied as being necessary to the exercise of the powers which are conferred expressly.
It is not claimed that any general power has been, by statute of the state, conferred upon the council of the city of Toledo which authorizes the ordinance in question here.
Section 3 of Article XVIII of the amendment to the state Constitution, adopted September 3, 1912, provides:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits, such local police, sanitary and other similar regulations as are not in conflict with general laivs.”
Article I, Section 1 of the Constitution of the state of Ohio provides:
“All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property and seeking and obtaining happiness and safety.”
Article XIV, Section 1 of the Constitution of the United States provides:
“No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.”
'The claim of the plaintiff in error is that the ordinance in question violates the foregoing provisions of the state and fed *357 eral Constitutions, and that the ordinance can not be upheld, unless it is under the police power of the state or municipality.
While under this so-called police power the welfare of the public is at all times paramount, and the right of the individual to life, liberty and property must yield to the rights of the public still, under the police power, this ordinance can not be upheld if it is unreasonable, arbitrary, or capricious. If the provisions of the ordinance make an arbitrary interference with the right to contract or carry on business and has no just relation to the protection of the public the ordinance is invalid. McLean v. Arkansas, 211 U. S., 539.
In the case of In re Steuhs, 91 O. S., 135, where the defendant was convicted of selling potatoes by the peek instead of avoirdupois weight as required by statute, and where the Supreme Court held the statute invalid, the court, on page 140, say:
“While it is within the power of the state to guard the public morals, the public safety and the public health, as well as to promote the public convenience and the common good, yet in providing means for such purpose the provisions made must be reasonable. ’ ’
In the case of State of Ohio v. Boone, 84 O. S., 346, the court, on page 351, says: •
“While, therefore, a broad discretion is given to the Legislature to provide for the general welfare it necessarily is not an arbitrary or unlimited discretion; for if it were beyond judicial control or review it would amount to a practical abrogation of all constitutional guarantees of personal rights, and the undefined boundaries of legislative powers could be extended so as to authorize the worst and most impossible form of despotism —a legislative despotism conducted in the name of the people.”
In the instant case the evidence, undisputed, shows that the plaintiff in error has for some time been engaged in the “home bakery” business in this city, and without help or assistance from any one and solely by her own efforts, doing her own bak ing and making her own sales, her daily output has averaged about one hundred loaves of bread. IJp until the month of April of this year all the loaves were small ones — 5 cent loaves. Since that time she has made and sold daily from 70 to 80 so-called *358 small loaves at 6 cents each. The loaf of bread sold to the complaining witness — an officer in the department of health— weighed 11% ounces. Such loaves of bread were sold by the plaintiff in error, as this loaf was, for 6 cents. A larger, or one-pound loaf, was uniformly sold at 10 cents. In selling a loaf weighing 11% ounces, the plaintiff in error, so far as the value of the bread was concerned, was really giving more than was required of her.
The only offense charged against the plaintiff in error is that of selling a loaf of bread weighing less than one pound avoirdu- ■ pois. There is no charge of short weights, lack of sanitation, use of inferior or unwholesome flour, or the violation of any of the provisions of the bread ordinance except as before indicated.
How can the forbidding of the making or selling of a loaf of bread weighing less than one pound inure to the welfare, the health or the morals of a citizen? Is such a reasonable provision ? There can be no claim made that bread weighing less than a pound is injurious to health. The ordinance expressly provides that it does not pertain to stale bread. If stale bread weighing less than a pound is not injurious, certainly new, fresh bread weighing less than a pound is not injurious. Does the limitation in weight provided in the ordinance give any advantage to the public on the ground of economy? In fact, there is offered a chance for greater economy for the small family, or the workman who carries his luncheon, by buying a small loaf rather than a larger one, on account of the waste.
In the case of Buffalo v. Collins, 57 N. Y. Supp., 347, the syllabus reads:
“An ordinance regulating the weight of bakers' bread is void, as being an unreasonable invasion of the right to engage in a lawful business.”
’The attention of the court has been called to the case of Schmidinger v. City of Chicago, 226 U. S., 578, decided January 13, 1913, in which an ordinance fixing the standard weight of loaves of bread has been held valid, and the claim is made that the Toledo bread ordinance is copied from the Chicago ordinance. This court has examined both of these ordinances with care. Their *359 provisions are very like in many particulars, but unlike in one matter of importance; and if, as claimed, the honorable architect of the Toledo ordinance did copy from the Chicago ordinance, he stopped copying too soon. The Chicago ordinance fixes the , standard weight of a loaf of bread at sixteen ounces, and other half, three-quarter, double, triple, quadruple, quintuple, or sextuple loaves. Had the 'Toledo ordinance, instead of forbidding the making or selling of bread weighing less «than, one pound, fixed the standard as in Chicago, and permitted the making and selling of bread in multiples or in a fractional part of a pound, the ordinance, in all probability, would not now be before this court for review.
After a full and careful consideration of this case and an examination of the many cited and other authorities, this court holds the Toledo bread ordinance, in so far as it penalizes the making and selling of bread weighing less than one pound avoirdupois to be invalid and void. Bread of the same composition weighing less than a pound is equally wholesome with a loaf weighing a pound. There is a demand for loaves of less weight than a pound.
At the time of her arrest the plaintiff in error was engaged in a proper and lawful business — supplying the needs of people daily, at a moderate charge, without any criticism as to the quality of the bread furnished or its wholesomeness.
Everybody has the constitutional right to use his or her faculties in all lawful ways, to live and work where he or she will, to earn a livelihood in any lawful calling, and to pursue any lawful trade or avocation. There was no necessity for the common council of Toledo, in providing for the public welfare, to prohibit, interfere with or limit the plaintiff in error and others in the carrying on of the bread business. Its endeavor to do so, by that part of the ordinance in question here, is an unreasonable prescription of a legitimate calling, without any benefit accruing to the people of this city. The so-called police power has too often been made to cover a multitude of legislative sins, but is ought not to be allowed to be used as a vehicle in which to ride over the constitutional rights of citizens. It has been held, not only in this state, but in a great number of cases in both federal and *360 state courts, that it is within the judicial power to declare void an unnecessary and unreasonable exercise of the police power. State v. Boone, 84 O. S., 351; Phillips v. State, 77 O. S., 214.
From the foregoing it follows that this court finds prejudicial error in the record, judgment and procedingg of the police court, and the judgment of that court is reversed at the costs of the defendant in error, and the plaintiff in error, Clara AUion, is discharged. •