# CASES

## ARGUED AND DETERMINED

### IN THE

# COURTS of APPEALS of OHIO

---

## THE CITY OF TOLEDO *v.* ALLION.

*Municipal corporations — Regulation of size and weight of bread loaves — Constitutionality of ordinance.*

A city ordinance enacted to regulate the manufacture and sale of bread by bakers, and establishing one pound avoirdupois as the minimum weight for a loaf of bread that may be manufactured and sold by bakers, is not so unreasonable or arbitrary as to violate any constitutional provision.

(Decided December 24, 1917.)

ERROR: Court of Appeals for Lucas county.

Mr. *H. S. Commager*, director of law, and Mr. *C. T. Lawton*, for plaintiff in error.

Mr. *George A. Bassett*, for defendant in error.

Mr. *R. S. Holbrook* and Mr. *C. R. Banker*, *amici curiae*.

RICHARDS, J. Clara Allion, who is engaged in a small way conducting a bakery in the city of Toledo, was convicted in the police court of that city of the violation of an ordinance which fixes at one pound avoirdupois the minimum weight of a loaf

of bread, which may be made or procured for the purpose of sale, sold, offered or exposed for sale in the city of Toledo. She prosecuted error to the court of common pleas, where the judgment was reversed, and the city brings this proceeding in error for the purpose of securing a reversal of the judgment rendered in the court of common pleas.

The validity of the ordinance is assailed on the ground that it contains more than one subject, and that it amounts to an unjust and arbitrary interference with the property rights of the defendant in error and is therefore unconstitutional and void.

The ordinance is entitled, "An ordinance regulating the size of the loaves of bread to be sold within the City of Toledo," and it provides, in substance, that all bread made or procured for the purpose of sale, sold, offered or exposed for sale shall be made in a clean and sanitary place and of good, wholesome flour or meal and shall contain no deleterious substance. The ordinance further provides that one pound avoirdupois shall be the standard loaf of bread, and that bread may be made or exposed for sale in one, one and one-half, two, two and one-half, three, three and one-half, four, four and one-half, five, five and one-half and six pound loaves, and in no other way, and requires that every loaf shall have affixed in a conspicuous place a label of a given size and type, stating the weight of the loaf, marked in pounds, and the address of the baker. The ordinance further provides that the seller of bread shall keep on hand scales and weights suitable for the weighing of the bread, which shall be weighed in the presence of the buyer whenever requested by him. The

ordinance by its terms does not apply to stale bread.

We do not think the ordinance is justly subject to the objection that the title does not contain all of the subject-matter placed in the ordinance. All matters covered by the ordinance are germane to the title of the ordinance as set forth. *Chittenden v. City of Columbus,* 5 C. C., N. S., 84, affirmed without opinion, 71 Ohio St., 477.

The chief objection made to the validity of this ordinance is that it forbids the manufacture or sale of bread weighing less than one pound per loaf. The evidence shows that the loaf of bread which the defendant sold, and which resulted in her prosecution, weighed eleven and three-fourths ounces. It further shows that she has been engaged in the making and sale of six-cent and twelve-cent loaves of bread. That the six-cent loaf weighed generally between eleven and eleven and one-half ounces and that the twelve-cent loaf weighed ordinarily twenty-one and one-half ounces. The record further shows that in the conduct of her business she made and sold many more of the six-cent loaves than she did of the twelve-cent loaves, and hence it is claimed that the ordinance in prohibiting the making or selling of a loaf weighing less than one pound unreasonably interferes with the conduct of her business.

Section 3, Article XVIII of the Constitution of Ohio, as amended in 1912, authorizes municipalities to exercise all powers of local self-government and to adopt and enforce such local police, sanitary and other similar regulations as are not in conflict with the general laws. The city of Toledo

has adopted a municipal charter, which provides in Chapter 2, Section 8, that the city shall have power to license and regulate persons, corporations and associations engaged in any lawful business, occupation, profession or trade. The city claims to have enacted this ordinance by virtue of the authority so vested in it by its charter adopted under the constitution.

The principle that municipalities have the authority to regulate the manufacture and sale of bread and fix the weight of loaves of bread has been announced in innumerable authorities found both in textbooks and judicial decisions. Indeed, the principle is so well settled that it could not be and is not questioned by counsel for the defendant. But it is said, and well said, that the ordinance regulating the manufacture and sale should be reasonable, and not arbitrarily interfere with the right of the individual. It is contended that the provision in the ordinance under consideration forbidding the manufacture or sale of bread, when made into a loaf weighing less than one pound, is an unjust and arbitrary interference with the rights of the citizen.

In an investigation of the question under consideration we have been aided not only by oral arguments, but by briefs of counsel, which have carefully reviewed the authorities. After a somewhat extended examination we have not found the rules of law governing cases of this character better stated than in 11 Ruling Case Law, 1115, where, in a foot-note, most of the authorities are collected.

The case of *The City of Chicago* v. *Schmidinger,*
243 Ill., 167, is an important one bearing on the
issue in this case. It is said in argument that the
Toledo ordinance is in the main a copy of the Chi-
cago ordinance, but it is manifest that the two ordi-
nances differ in at least one very important respect,
namely, the Chicago ordinance fixed a pound avoir-
dupois as the standard weight of a loaf of bread,
but authorized the manufacture and sale of bread
in half, three-quarter, double, triple, quadruple,
quintuple and sextuple loaves, while the Toledo
ordinance forbids the manufacture and sale of any
loaf weighing less than one pound. Nevertheless
the principles discussed by the court in the case
just cited shed much light on the validity of the
ordinance now under review. The case ultimately
found its way to the supreme court of the United
States and is reported under the title of *Schmid-
inger* v. *City of Chicago,* 226 U. S., 578.

There is undoubtedly in Toledo, as shown by the
record in this case, a demand for bread of a weight
less than that fixed by this ordinance. But it was
said in the *Schmidinger case* that there was a con-
siderable demand in Chicago for bread in weights
differing from those fixed by the ordinance, and
the fact of that demand was held not to be suffi-
cient to invalidate the ordinance, which was sus-
tained by the supreme court of Illinois and by the
supreme court of the United States.

Of course it is manifest that mere inconvenience
in complying with the terms of an ordinance fixing
the weight of bread is not sufficient to justify a
court in holding the ordinance void. We suppose
the rule to be well settled that city councils, rather

than the courts, are entrusted with the regulation of these matters, that the local authorities are primarily the judges of the necessity calling for the legislation, and that the courts are powerless to interfere unless the regulations are so arbitrary as to be in excess of any reasonable exercise of authority.

Mr. Justice Day, in delivering the opinion of the supreme court in the *Schmidinger case,* quotes the following from *Gundling* v. *Chicago,* 177 U. S., 183, 188: "Unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the State to pass, and they form no subject for Federal interference."

The rule is well stated, in language nearly parallel to this, in 12 Corpus Juris, 932.

A conviction under a bread ordinance adopted by the city of Detroit, fixing the weight of loaves of bread at one pound, two pounds and four pounds avoirdupois weight, and forbidding loaves of any other weight, was sustained in *The People* v. *Wagner et al.,* 86 Mich., 594. The Detroit ordinance in this vital particular was identical with the one adopted in the city of Toledo, under which the defendant is prosecuted.

It was held in *State* v. *Huber,* 4 Boyce (Del.), 259, 88 Atl. Rep., 453, that an enactment prohibiting the sale of bread by the loaf weighing less than one pound avoirdupois is a proper exercise of the police power and not un-

constitutional for unreasonableness as abridging the privileges and immunities of citizens.

Similar decisions have been rendered in the province of Ontario in two cases: *In re Nasmith and the Corporation of the City of Toronto,* 2 Ontario Rep., 192, where the minimum loaf was fixed at one pound, and *Rex* v. *Chisholm,* 14 Ontario Law Rep., 178, where the minimum weight of the loaf of bread was fixed by the ordinance at one and one-half pounds.

See also the following authorities: *State* v. *McCool,* 83 Kans., 428, and *State* v. *Armour & Co.,* 145 N. W. Rep., 1033 (North Dakota), affirmed by the supreme court of the United States, 240 U. S., 510.

The latter case was a prosecution for the violation of a statute requiring every lot of lard or lard compound, unless sold in bulk, to be put in pails or other containers holding one, three or five pounds, net weight, or some multiple of those numbers. The statute did not prohibit the sale of lard in bulk in any quantity.

Our attention has been called to but one case which reaches a conclusion contrary to the authorities already cited. We refer to *City of Buffalo* v. *Collins Baking Co.,* 57 N. Y. Supp., 347, where it was held that an ordinance regulating the weight of baker's bread is void as being an unreasonable invasion of the right to engage in a lawful business. It is manifest that this decision is clearly contrary to the great weight of authority and not in accordance with the reasoning of either the courts or the authors of textbooks on the law. We are the less impressed with this authority by

reason of the fact that the supreme court of New York had theretofore held in the case of *Paige* v. *Fazackerly,* 36 Barb., 392, 394, that there is no doubt that a city ordinance regulating the weight of bread is a valid police regulation.

It may be noted that the ordinance of the city of Buffalo, which was held invalid in the case of *Buffalo* v. *Collins Baking Co., supra,* fixed the minimum weight of a loaf of bread manufactured for sale by any baker at one and one-half pounds.

We are forced to the conclusion that the city council was primarily the judge of the necessity of enacting this ordinance and that this court can interfere only when it shall appear that the ordinance passed in pursuance of the police power is so arbitrary as to be palpably and unmistakably in excess of any reasonable exercise of that power. While it is evidently true that compliance with this ordinance will work some hardship on the defendant, and others similarly situated, yet we can not find that the ordinance is beyond the exercise of the legislative discretion vested in the city council, nor that it is so unreasonable and arbitrary an exercise of the police power as to be void. In reaching this conclusion, however, we wish to say that in so far as the ordinance prohibits the baking and sale of bread in loaves weighing less than one pound, and in particular in not allowing half-pound loaves, it does not appear to be a wise exercise of the legislative power vested in the city. The record in this case discloses that not only the defendant in error, but others similarly situated, and many citizens of the city of Toledo, would be accommodated if the ordinance should permit the

manufacture and sale of a loaf weighing as little as one-half pound. If the ordinance permitted a loaf weighing one-half pound the enactment would be beyond criticism and far more satisfactory to the members of this court.

In this connection, however, we call attention to the language of Mr. Justice Harlan, as found in *Powell* v. *Pennsylvania*, 127 U. S., 678, 686:

"If all that can be said of this legislation is that it is unwise, or unnecessarily oppressive to those manufacturing or selling * * * an article of food, their appeal must be to the legislature, or to the ballot-box, not to the judiciary. The latter can not interfere without usurping powers committed to another department of government."

Certainly Mr. Justice Harlan did not undertake to say, nor do we say, that the city council may exercise power in this respect either arbitrarily or capriciously.

The supreme court of Illinois said in *City of Chicago* v. *Schmidinger*, 243 Ill., at page 174: "The courts have nothing to do with the wisdom of this ordinance. That question rested entirely with the city council of the city of Chicago. While its provisions may be drastic, we do not think the ordinance is unconstitutional or that it is unreasonable and therefore void."

While the ordinance adopted by the city of Toledo does not meet with the approval of this court, in so far as it prohibits the manufacture and sale of bread weighing less than a pound, it is not so arbitrary or unreasonable as to be unconstitutional and void, and is within the police power vested in the city authorities.

It follows that the judgment of the court of common pleas will be reversed and that of the police court will be affirmed.

*Judgment reversed.*

CHITTENDEN and KINKADE, JJ., concur.