OPINION
Appellants, Joseph and Josephine Quintella, own land in Paris Township, Ohio. Appellants have sold some of the land in five acre tracts. Appellee, Joan Smith, was interested in purchasing a parcel. In August of 1997, appellee met with appellant Joseph Quintella to inspect the tract and determine its boundaries for a proposed land installment contract. Appellee was to obtain a survey at her expense. On August 11, 1997, appellee made a $500 down payment to appellants' attorney in fact, John Ergazos, Esq. Appellants lived in Florida and gave power of attorney to Mr. Ergazos to act on their behalf. In January of 1998, appellee contacted surveyor Ronald Hinton to perform the survey. Mr. Ergazos prepared the land installment contract and incorporated the legal description of the tract supplied by appellee's surveyor therein. On June 5, 1998, appellee and appellants, through Mr. Ergazos, executed the contract. The instrument was duly recorded on June 8, 1998. When appellants returned from Florida, they discovered the boundary lines of the tract were not drawn as they had expected. Appellants attempted to reform the contract, but appellee declined. On January 13, 1999, appellants filed a complaint against appellee for cancellation of the contract. A bench trial was held on June 1, 1999. Mr. Ergazos represented appellants at the trial. The defense called Mr. Ergazos to the stand. Mr. Ergazos objected, but the trial court overruled the objection and permitted the testimony. By judgment entry filed June 24, 1999, the trial court found in favor of appellee. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT'S USE OF "CLEAR AND CONVINCING" AS THE STANDARD OF PROOF, THE FOCUS ON REFORMATION RATHER THAN RESCISSION, AND AN ANALYSIS OF ONLY THE THEORY OF MUTUAL MISTAKE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW, AND AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT ERRED BY FAILING TO CONCLUDE THAT RESCISSION WAS WARRANTED BECAUSE APPELLEE MISREPRESENTED TO APPELLANTS' ATTORNEY-IN-FACT THAT THE PROPERTY BOUNDARIES AS SET FORTH IN THE SURVEY THAT SHE PROCURED CONFORMED TO APPELLANTS' SPECIFICATIONS.
 III. THE TRIAL COURT ERRED BY FAILING TO PROPERLY CONSIDER THE ROLE OF APPELLANTS' TRIAL COUNSEL AS BOTH A WITNESS AND AS AN ADVOCATE.
 I, II
Appellants claim the trial court erred in reviewing only the issue of mutual mistake and not the issue of misrepresentation, and in stating the burden of proof was by clear and convincing evidence. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610. As set forth by Ohio case law, the issue of mutual mistake relative to reformation or rescission is clear and convincing evidence: In actions such as this where reformation of an instrument is sought, the mistake and its mutuality, set up as a ground for such reformation, must be proved by clear and convincing evidence. Farr v. Ricker (1889), 46 Ohio St. 265,21 N.E. 354.
Castle v. Daniels (1984), 16 Ohio App.3d 209, 210. See also, Merrill v. City of Hamilton (1982), 9 Ohio App.3d 111, (mutual mistake); Henkle v. Henkle (1991), 75 Ohio App.3d 732, (reformation of deed).
Not only did the trial court use the appropriate standard of proof, but also cited the appropriate law on mutual mistake in its judgment entry of June 24, 1999: Where there is no question of fraud, bad faith or inequitable conduct, and the vendor sues to reform an executed deed, reformation is not proper in absence of proof that mistake was mutual, and not that of the vendor alone. In absence of proof that mistake was mutual and not that of the vendor alone, a case is not made for the vendor and a reformation of the deed is not proper. Spitzer Hardware Co. v. Dever (1967), 11 Ohio App. 6 [11 Ohio App.2d 6].
After finding no mutual mistake, the trial court further concluded there was insufficient evidence to establish a unilateral mistake. Appellants argue the trial court disregarded or did not address the theory of an honest (nonfraudulent) misrepresentation. In support, appellants cite the case of Mulvey v. King (1883),39 Ohio St. 491, 494: It may be considered as well settled in this state, by the cases above cited, that an action for damages caused by misrepresentation cannot ordinarily be maintained, without proof of actual fraud, or such gross negligence as amounts to fraud. When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles cannot be applied. It is then only necessary to prove that the representation was material and substantial, affecting the identity, value or character of the subject-matter of the contract, that it was false, that the other party had a right to rely upon it, and that he was induced by it to make the contract, in order to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it.
The testimony establishes that no drawing or legal description of the tract was given to appellee prior to the negotiation of the purchase. T. at 93-94. In fact, appellant Joseph Quintella's testimony as to the description was barely descriptive:
 A. Yes, I did. I told them, I said, This is on the other side of the, over there, the creek running this way. There is a creek, my 5 acres, but I got clear — and pole building and the land goes straight this way. So its — there is a big tree on the back and another creek run across, and I told — I said where that big tree there could be 5, or that way and you make a — makes no difference, someplace around this big tree there, and up on the other side.
T. at 85.
Appellant claimed the fault in appellee's tract is that it comes up the wrong side of the creek. T. at 87-88. Appellee testified when she and appellant walked the tract together, appellant told her the tract was between the two creeks and the two roads. T. at 12. Appellant told appellee he would not pay for the survey, so the survey became appellee's responsibility. T. at 15. Prior to the purchase, appellee discussed the tract with a neighbor, Thomas Moore. Mr. Moore testified his description of the tract to appellee was "in the ball park" of what he understood the five acres to be. T. at 63. Mr. Moore also testified the creeks were the boundaries of the tract. T. at 64-65. The surveyor, Ronald Hinton, never had a face-to-face meeting with appellee prior to the purchase. T. at 19. Mr. Hinton took a description of the tract from appellee via a telephone conversation. Id. Appellee never told Mr. Hinton where to set the pins. T. at 28. Appellants' agent, Mr. Ergazos, accepted the survey as presented on behalf of appellee, drew up the land contract, signed for appellants and recorded the instrument. T. at 98-101. Appellee believes there was no mistake in the tract's description. T. at 44, 109. Appellants' main contention is that the tract as described forestalls the sale of a four acre remainder as a separate parcel to another. T. at 88-89. Appellants claim all mistakes were made by appellee. T. at 101. The incredulous theory advanced by appellants is that although the instrument was signed and recorded with full disclosure to their agent, somehow they were misled. The imprecise description given by appellant to appellee and the abrogation of appellants' responsibility in the sale contributed to their complaint. Clearly there is no evidence of any fraud on behalf of appellee. Appellants have failed to establish even mutual mistake as appellee testified the tract was always described by the two creeks to the road boundary. A unilateral mistake was made but is was by appellants in not being diligent to their own affairs. We fail to find there was any misrepresentation by appellee. Appellants were the "architects of their own demise." Upon review, we conclude the trial court did not err in its interpretation of the evidence or law. Assignments of Error I and II are denied.
 III
Appellants claim the trial court erred in permitting their trial attorney to testify. We do not disagree with the law cited by appellants that an attorney should not be permitted to be a witness in a trial wherein the attorney is counsel of record. DR 5-102(A). However, we find in this case it did not create any prejudice to either party. The attorney's testimony merely restated uncontested evidence already of record. The attorney accepted the survey paid for by appellee, signed for appellants and recorded the instrument, all facts already in evidence via the exhibit attached to the complaint and the testimonies of appellee and Mr. Hinton. Upon review, we do not find such error necessitates reversal. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
GWIN, P.J. and WISE, J. CONCUR.